UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIE A. MEEHAN,<br><br>                    Plaintiff,<br>     v.<br><br>HOLLAND AMERICA LINE, INC., et al.,<br><br>                    Defendants. | CASE NO. C15-1520JLR<br><br>ORDER GRANTING STIPULATED MOTION |

Before the court is the parties' stipulated motion to continue the expert witness disclosure deadline from July 26, 2017, to September 13, 2017. (Stip. (Dkt. # 19).) The court GRANTS the motion and extends the expert disclosure deadline to September 13, 2017. The court, however, warns the parties that the court is disinclined to grant any further adjustment in the case schedule based on the facts submitted in the parties' stipulated motion. Specifically, the court is disinclined to grant any extension in the September 25, 2017, discovery cutoff or any of the subsequent case schedule deadlines.

(*See* Sched. Ord. (Dkt. # 18) at 1.)  Thus, the parties must complete whatever expert witness discovery they intend to take between September 13 and September 25, 2017.  Further, the parties have now extended expert witness disclosures beyond the August 25, 2017, deadline for motions related to discovery.  (*See id.*)  Because the parties stipulate to this change, they will bear any consequences associated with this alteration in the case schedule.

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes.  First, the court generally sets the discovery cutoff 30 days prior to the deadline for filing dispositive motions in order to ensure that the court has before it a complete record when it considers a motion that could potentially dispose of the case.  Second, the schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date.  This 90-day period takes into account:  (a) an approximate 30-day lag between the date a party files a dispositive motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *id.* at LCR 7(b)(5).  Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan for trial or alternate resolution of the case.  For the foregoing reasons, the court is disinclined to alter any of these deadlines.  To obtain any adjustment of these deadlines, the parties generally must request a change in the trial date and show good cause for their request.  The parties should be aware that the court is presently setting trial dates in September 2018.  Absent

unusual circumstances, the court schedules new trial dates at the end of the court's calendar.

Dated this 30th day of May, 2017.

JAMES L. ROBART
United States District Judge